IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WHEELING HOSPITAL, INC.,
a West Virginia not for profit corporation,
BELMONT COMMUNITY HOSPITAL, INC.,
an Ohio not for profit corporation,
WHEELING PEDIATRICS, LLC,
an Ohio limited liability company,
and WOMEN'S HEALTH SPECIALISTS
OF WHEELING HOSPITAL, LLC,
a West Virginia limited liability company,
on behalf of themselves and
all others similarly situated,

     Plaintiffs,

v.                            Civil Action No. 5:10CV67
                                       (STAMP)

OHIO VALLEY HEALTH SERVICES
AND EDUCATION CORPORATION,
a West Virginia not for profit corporation,
OHIO VALLEY MEDICAL CENTER,
a West Virginia not for profit corporation,
EAST OHIO REGIONAL HOSPITAL,
an Ohio not for profit corporation, and
THE HEALTH PLAN OF THE OHIO VALLEY, INC.,
a federally qualified and state-certified
not for profit health maintenance organization,

     Defendants.


**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT THE HEALTH PLAN OF**
**THE UPPER OHIO VALLEY, INC.'S MOTION FOR**
**LEAVE TO FILE SUPPLEMENTAL MEMORANDUM;**
**DENYING PLAINTIFFS' MOTION TO REMAND;**
**DENYING PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND COSTS;**
**GRANTING IN PART AND DENYING IN PART DEFENDANTS**
**OHIO VALLEY HEALTH SERVICES AND EDUCATION**
**CORPORATION, OHIO VALLEY MEDICAL CENTER,**
**AND EAST OHIO REGIONAL HOSPITAL'S MOTION UNDER RULE**
**12(b)(7) AND 12(b)(6) TO DISMISS FOR FAILURE TO JOIN**
**REQUIRED PARTIES AND TO STATE CLAIMS UPON WHICH RELIEF**
**CAN BE GRANTED OR, IN THE ALTERNATIVE, FOR SUMMARY**
**JUDGMENT PURSUANT TO RULE 12(d) AND RULE 56;**

**DENYING THE PLAINTIFFS' MOTION TO STRIKE
THE HEALTH PLAN OF THE UPPER OHIO VALLEY INC.'S
MOTION TO JOIN IN RESULT;
DENYING AS MOOT DEFENDANT THE HEALTH PLAN
OF THE UPPER OHIO VALLEY, INC.'S
ALTERNATIVE MOTION TO JOIN IN RESULT
AND SCHEDULING STATUS CONFERENCE**

## I.   Procedural History and Facts

The plaintiffs filed this civil action in the Circuit Court of Ohio County, West Virginia against the above-named defendants as a class action brought on behalf of a class of health care service providers to collect amounts allegedly owed to them for health care services provided to persons covered by employee health plans established by defendants Ohio Valley Health Services and Education Corporation ("OVHS&E"), Ohio Valley Medical Center ("OVMC") and East Ohio Regional Hospital ("EORH"), collectively, the "OV Health System Parties."  The plaintiffs allege that the class members have not been paid for the health care services they provided because the OV Health System Parties and The Health Plan of the Upper Ohio Valley ("The Health Plan"), which administers the Ohio Valley Health Services & Education Corporation Health Plan and the Ohio Valley Health Services & Education Corporation Dental Plan ("employee benefit plans"), have breached separate contractual obligations to pay for those services.  Count I is against the OV Health System Parties for breach of contract.  The plaintiffs contend that these three defendants owe each class member a direct contractual duty to fund the employee benefit plans so that the

class members will be paid for the covered health care services provided to the participants in those plans. The plaintiffs contend that the OV Health System Parties breached their obligation to fund the $4.5 million owed to the class members for the services provided to participants in the OV Health System Plans. Count II is an alternative count against the OV Health System Parties for third-party beneficiary liability. The plaintiffs state that they are intended third-party beneficiaries and/or creditor beneficiaries of the obligation of the OV Health System Parties to fund their employee benefit plans. Count III is a claim for breach of contract against The Health Plan. As relief, the plaintiffs ask that the Court certify a class; that the Court designate the plaintiffs' counsel as counsel of the class; a declaratory judgment establishing the obligation of the OV Health System Parties to fund their employee health plans for the payment of approved reimbursement claims; a decree of specific performance compelling the OV Health System Parties to fund their employee health plans for the payment of approved reimbursement claims; a decree imposing a constructive trust on employee contributions to the employee health plans of the OV Health System Parties; a decree imposing a constructive trust on the $2.5 million in the restricted endowment fund bequeathed to OVMC; an award of damages to the class in the amount of $4.5 million; and an award of costs, interest, and attorneys' fees.

The defendants then filed a notice of removal in this Court, stating that this Court has original jurisdiction pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, <u>et seq</u>. and pursuant to the Class Action Fairness Act ("CAFA").

The plaintiffs filed a motion to remand, arguing that their claims are not removable because they are asserting state law breach of contract claims which do not meet the established standard for preemption under ERISA and the amount in controversy can be no more than $4.5 million. As to ERISA, the plaintiffs state that the claims are not completely preempted because the plaintiffs lack standing to bring them as an ERISA enforcement action; the claims cannot be enforced through an ERISA enforcement action; and the claims can be resolved without an interpretation of an ERISA plan. The plaintiffs state that the defendants' notice of removal is inaccurate in its assertion that the plaintiffs are attempting to enforce the rights of OV Health System Parties' employees pursuant to an alleged assignment of rights. The plaintiffs state that they have simply pled direct contractual claims for the payment of medical services pursuant to the Administrative Service Agreements ("ASOs"). The plaintiffs also seek attorneys' fees. The OV Health System Parties filed a response stating that the ASOs are not mischaracterized. They believe that the plaintiffs' claims are subject to complete

preemption and have been properly removed. These defendants further argue that the total amount of relief sought is $7 million, which satisfies the $5 million threshold for CAFA. Defendant The Health Plan filed a response also arguing that the notice of removal was proper because the claims are preempted completely by ERISA and the CAFA amount has been met. Defendant The Health Plan also filed a motion for leave to file a supplemental memorandum, stating that its original response had typographical errors.[1] The plaintiffs filed a reply to the OV Health System Parties' response.

In addition, the OV Health System Parties filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(7) and 12(b)(6). These defendants argue that the employee benefit plans are required parties under Rule 19. The defendants contend that complete relief cannot be granted in their absence; the employee benefit plans have an interest in the subject matter of this litigation and disposing of this litigation in their absence may impact or impede their ability to protect that interest; the employee benefit plans may be subject to double liability or inconsistent adjudication if not joined; the employee benefit plans are central to this case. They further argue that it is feasible to add the employee benefit plans as defendants. The defendants next argue for a Rule 12(b)(6) dismissal. They state that the OV

---

[1]For good cause shown, defendant The Health Plan's motion for leave to file supplemental memorandum is GRANTED.

Health System Parties are not parties to the ASOs, therefore the plaintiffs do not and cannot state a claim upon which relief can be granted as to Counts I and II. In the alternative, the defendants seek summary judgment for failure to exhaust administrative remedies. Defendant The Health Plan filed a response or in the alternative, a motion to join in result. The Health Plan believes that if this Court grants the motion to dismiss, it must also dismiss the claims against The Health Plan. The plaintiffs filed a response arguing that the employee health plans established by the OV Health System Parties are not required parties under Rule 19(a). The plaintiffs state that they have correctly sued the only entities with the funding obligation that the plaintiffs seek to enforce. The plaintiffs next contend that the employee benefit plans have no interest in this action that will be impaired or impeded in their absence. The plaintiffs further argue that there is no risk to existing parties of double liability or inconsistent obligations, the employee benefit plans are not at issue and they will not have to be interpreted for the plaintiffs to prevail on their claims, and that there is no subject matter jurisdiction over this action and the joinder of the employee benefit plans would not give rise to subject matter jurisdiction. The plaintiffs believe that they have stated a valid claim against the OV Health System Parties because the plaintiffs have the right to enforce the OV Health System Parties' funding obligations. The plaintiffs argue

they have this right because: (1) the plaintiffs are creditor beneficiaries; (2) the plaintiffs are intended third-party beneficiaries of the obligation; and (3) the obligation was incorporated into and made a part of the service provider agreements with the OV Health System Parties. The plaintiffs lastly argue that the administrative remedies set forth in the benefit plans established by the OV Health System Parties are inapplicable and do not bar the plaintiffs' claim. The OV Health System Parties filed a reply arguing that the plaintiffs' arguments are based on three flawed factual premises. The defendants contend that (1) the OV Health System Parties did not sign the ASOs; (2) the ASOs do not impose a funding obligation on the OV Health System Parties; and (3) The Health Plan does not have an unconditional obligation to pay the plaintiff providers. Additionally, the defendants argue that the joinder of the employee benefit plans as additional defendants is required under Rule 19 and is feasible. These defendants believe that the plaintiffs' arguments opposing dismissal of their claims should be rejected and that the plaintiffs' claims must be dismissed because they have failed to exhaust administrative remedies under the employee benefit plan.

Finally, the plaintiffs filed a motion to strike the motion by The Health Plan to join in the result of the Ohio Valley Health System Parties' motion to dismiss. They first argue that the motion to join in the result is a motion to dismiss barred by Rule

12(b) because it was filed after The Health Plan filed its answer and amended answer. They also argue that the motion should be denied pursuant to Local Rule 7.02(a) because they did not file a supporting memorandum. The plaintiffs state there is no explanation by The Health Plan as to how or why a ruling on the OV Health System Parties' motion to dismiss would have any bearing on the separate claim against The Health Plan defendants that is based on an entirely different contract. Instead of filing a response, they filed a reply. They argue that they did not file a motion, but instead responded to the OV Health System Parties' motion. The plaintiffs did not file a reply.[2]

Having reviewed the parties' pleadings and the relevant law, this Court finds that original jurisdiction does not exist under ERISA, but that jurisdiction does exist under CAFA. Accordingly, the plaintiffs' motion for remand must be denied. Further, this Court finds that the OV Health System Parties' motion to dismiss must be granted in part and denied in part. Finally, this Court denies the plaintiffs' motion to strike The Health Plan's response to the motion to dismiss and denies as moot The Health Plan's alternative motion to join in result.

---

[2]On October 13, 2010, this Court heard oral argument on the plaintiffs' motion to remand, the hospital defendants' motion to dismiss, The Health Plan's alternative motion to join in result and motion for leave to file a supplemental memorandum, and the plaintiffs' motion to strike The Health Plan's response to the motion to dismiss, or in the alternative, motion to join in result.

## II.  Applicable Law

### A.  Motion to Remand

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter.  28 U.S.C. § 1441.  The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., confers original jurisdiction to a federal district court over a matter.  Additionally, the Class Action Fairness Act ("CAFA") confers original jurisdiction on district courts over class actions in which any member of a class comprised of at least one hundred plaintiffs is of diverse citizenship from any defendant and in which the amount in controversy exceeds $5,000,000.00, exclusive of interests and costs.  28 U.S.C. § 1332(d)(2).  The claims of individual class members may be aggregated to meet the $5,000,000.00 amount in controversy.  28 U.S.C. § 1332(d)(6).

The burden of establishing the $5,000,000.00 jurisdictional threshold amount in controversy rests with the defendants.  See Strawn v. AT&T Mobility LLC, 530 F.3d 293, 298 (4th Cir. 2008) (concluding that CAFA did not shift the burden of persuasion, which remains upon the party seeking removal).  This Court has consistently applied the "preponderance of evidence" standard to determine whether a removing defendant has met its burden of proving the amount in controversy.  The well-settled test in the

Fourth Circuit for calculating the amount in controversy is "'the pecuniary result to either party which [a] judgment would produce.'" <u>Dixon v. Edwards</u>, 290 F.3d 699, 710 (4th Cir. 2002)(quoting <u>Gov't Employees Ins. Co. v. Lally</u>, F.2d 568, 569 (4th Cir. 1964)). Accordingly, in this case, the defendants must show by a preponderance of the evidence that the pecuniary interest, in the aggregate, of either party is greater than $5,000,000.00. Under the statute, "one defendant may remove the entire action, including claims against all defendants." <u>Lowery v. Ala. Power Co.</u>, 483 F.3d 1184, 1196 (11th Cir. 2007).

Removal jurisdiction is strictly construed. If federal jurisdiction is doubtful, the federal court must remand. <u>Mulcahey v. Columbia Organic Chems. Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994).

B.   <u>Motion to Dismiss</u>

1.   <u>Rule 12(b)(6)</u>

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. <u>Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc</u>, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." <u>Id.</u> (citing <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)). This

Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet,

591 F.3d at 256 (quoting <u>Iqbal</u>, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief about the speculative level." <u>Twombly</u>, 550 U.S. at 555.

    2.   <u>Rule 12(b)(7)</u>

Rule 12(b)(7) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to join a party in accordance with Rule 19. <u>See e.g.</u> <u>RPR & Assoc. v. O'Brien/Atkins Assocs.</u>, 921 F. Supp. 1457, 1463 (M.D.N.C. 1995); 5C Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1359 (3d ed. 2004) ("Rule 12(b)(7) permits a motion to dismiss where there is an absent person without whom complete relief cannot be granted.") On a Rule 12(b)(7) motion, the court initially determines if the absent party should be joined as a necessary party in accordance with the criteria set forth in Rule 19(a)(1). <u>See</u> <u>RPR</u>, 921 F. Supp. at 1463. Under this rule, a party is "necessary" if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the

claimed interest. Fed. R. Civ. P. 19(a). When making that determination, the court must base its decision on the pleadings as they appear at the time of the proposed joinder. 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1608 (3d ed. 2001).

If a court determines that a person is necessary under Rule 19(a), and if joinder of that person is impossible due to jurisdictional or equitable limitations, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed under Rule 12(b)(7), the absent person being thus regarded as indispensable. Fed. R. Civ. P. 19(b).[3]

### III. Discussion

A. Motion to Remand

1. ERISA

State law claims are converted to federal claims where Congress completely preempts a particular area. Metro. Life Ins. v. Taylor, 481 U.S. 58, 63 (1987). ERISA's goals indicate that it seeks to preempt "only those laws that undermine the 'nationally uniform administration of employee benefit plans.'" Darcangelo v.

---

[3]"Necessary" under Rule 19(a) refers to a party who should be joined if feasible. "Indispensable" refers to a party whose participation is so important to resolution of the case that, if not joined, the suit must be dismissed. Disabled Rights Action Committee v. Las Vegas Events, Inc., 375 F.3d 861, 867 n.5 (9th Cir. 2004).

<u>Verizon Commc'ns, Inc.</u>, 292 F.3d 181, 194 (4th Cir. 2002) (citing <u>N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.</u>, 514 U.S. 645, 657 (1995)) (emphasis added by the Fourth Circuit Court of Appeals).  Therefore, the only "state law claims properly removable to federal court are those that are 'completely preempted' by ERISA's civil enforcement provision, § 502(a)." <u>Sonoco Products Co. v. Physicians Health Plan, Inc.</u>, 338 F.3d 366, 371 (4th Cir. 2003).  In assessing whether complete preemption exists, a district court must inquire into whether the plaintiffs' claims "fit within the scope of ERISA's § 502(a) civil enforcement provision." <u>Darcangelo</u>, 292 F.3d at 187.  There are three "essential requirements" for complete preemption:

> (1) the plaintiff must have standing under § 502(a) to pursue its claim; (2) its claim must fall[] within the scope of an ERISA provision that [it] can enforce via § 502(a); and (3) the claim must not be capable of resolution without an interpretation of the contract governed by federal law, i.e., an ERISA-governed employee benefit plan.

<u>Sonoco Products</u>, 338 F.3d at 372 (internal citations omitted).

The only parties entitled to pursue an ERISA claim pursuant to § 502(a) are "participants,"[4] "beneficiaries,"[5] and "fiduciaries."[6] Id.; 29 U.S.C. § 1132(a). The OV Health System Parties argue that Sonoco Products "does not coincide" with the Supreme Court's ruling in Aetna Health, Inc. v. Davila, 542 U.S. 200 (2004). This Court disagrees and finds that Davila and Sonoco Products are consistent. Davila, a consolidated case, involved a plaintiff who was an ERISA participant and a plaintiff who was an ERISA beneficiary. The Davila court "restated the essential test for determining whether a plaintiff's state-law actions . . . conflict," thus reaffirming that a plaintiff's standing to sue is an essential requirement in determining whether complete preemption applies. Johns Hopkins Hosp. v. Carefirst of Md., Inc., 327 F. Supp. 2d 577, 580 (D. Md. 2004). The plaintiffs here are not employees and thus cannot be "participants" under ERISA. Furthermore, because the plaintiffs are not designated by participants or by the terms of an employee

---

[4] A "participant" under ERISA is "any employee . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . ." 29 U.S.C. § 1002(7).

[5] A "beneficiary" under ERISA is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

[6] A "fiduciary" is a person "with respect to [an ERISA] plan to the extent . . . [that] he exercises any discretionary authority or discretionary control respecting management of [the] plan [or has] any discretionary authority or discretionary responsibility in the administration of [the] plan." 29 U.S.C. § 1002(21)(A); Sonoco Products, 338 F.3d at 373 n.10.

benefit plan to become entitled to a benefit, they are not beneficiaries. Finally, because the plaintiffs do not exercise any discretionary authority or control respecting the management or administration of the plan, they are not "fiduciaries" under ERISA.

However, parties such as the plaintiffs may sue under § 502(a) where they are "specifically assigned the beneficiary's [or participant's] rights under the ERISA plan." Id. Where there is an assignment, such a plaintiff "stands in the shoes of the beneficiary." Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Group, Inc., 187 F.3d 1045, 1051 (9th Cir. 1999). The party seeking removal bears the burden of establishing the existence of an assignment. Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 401 (3d Cir. 2004). In this case, there are two declarations made by James Stultz, Senior Vice President of Human Resources of OVHS&E, and one declaration made by Joyce Kasper, an employee under the OVHS&E system. The "Second Declaration of James R. Stultz" (Document No. 11-1) provides that Section 10.6 of the Health Plan and Section 10.6 of the Dental Plan permit participants to assign their rights to payment of benefits under the plan to the providers who have furnished the participants the services which give rise to the claim for benefits. The "Third Declaration of James R. Stultz" (Document No. 27) states that OVMC, EORH, and other hospitals throughout the industry, require a patient who is not going to be

16

a private pay patient to execute an assignment of claims for payment to the hospital for claims against health plans provided by employers to insure employees against medical expenses. The defendants then provided consent forms used by OVMC and EORH as exhibits to the declaration. The "Declaration of Joyce Kasper" (Document No. 28) states that Joyce Kasper assigned to Medical Park Home Infusion, a part of Wheeling Hospital, her claim for payment against the OVHS&E Health Plan. Attached to the declaration is a document which contains a clause entitled "Assignment of Insurance Benefits" and a form which provides for an assignment of claims to Wheeling Hospital under a clause entitled "Assignment of Insurance Benefits."

The defendants have failed to show evidence proving the existence of an assignment. The declarations offered do not prove that the plaintiffs were assignees of claims. The Stultz declarations simply argue that assignments of claims are hospital claims and attach sample consent forms. There is no showing by the defendants that the Kasper assignment involves claims that are the subject of this civil action. At oral argument, the hospital defendants argued that it is sufficient to satisfy the assignment prong by showing custom in the industry and showing that Wheeling Hospital abided by that custom. This Court cannot agree where there is no evidence on the record of an oral or written assignment and where the plaintiffs do not sue as assignees.

Because the plaintiffs are not participants, beneficiaries, fiduciaries, or assignees under ERISA, this Court finds that the plaintiffs lack standing to sue under § 502(a). Alternatively, even if this Court found that the plaintiffs had standing to sue under ERISA, complete preemption would still not occur as the other prongs of the <u>Sonoco Products</u> test are not satisfied. The second prong, which provides that only claims that can be enforced through an ERISA enforcement action are capable of being completely preempted, is not met because ERISA does not allow a third party medical provider to enforce its rights. <u>Doctors Med. Ctr. of Modesto v. Principal Mut. Life Ins. Co.</u>, 2008 WL 4790534, *3 (E.D. Cal. Aug. 28, 2008). The third prong, which requires the interpretation of an ERISA-governed plan for complete preemption, is not met as this Court does not need to interpret the employee benefit plan in this case. While there is a factual dispute as to whether the claims have been approved by the employee benefit plan or whether the claims are going to be approved by the employee benefit plan, the plaintiffs are only suing for <u>approved</u> claims. Any existing right to recovery "depends entirely on the operation of third-party contracts executed by the [employee benefit] Plan that are independent of the Plan itself." <u>Pascack Valley Hosp.</u>, 338 F.3d at 402. Because the plaintiffs are only suing to receive payment for approved claims, there is no reason for this Court to interpret the employee benefit plans.

2. <u>CAFA</u>

The plaintiffs have alleged that the defendants owe the plaintiffs $4.5 million in approved claims. In addition, the plaintiffs seek to impose a constructive trust over a $2.5 million restricted endowment fund. The defendants contend that the plaintiffs are seeking a total of $7 million. At oral argument, the plaintiffs stated that the constructive trust is merely a security by which they obtain the pecuniary judgment of $4.5 million.

In determining the amount in controversy, this Court looks to the plaintiffs' complaint. <u>Strawn</u>, 530 F.3d at 298. The plaintiffs do not state in their complaint that the $2.5 million constructive trust will be used as security to obtain the $4.5 million judgment. Instead, the complaint states that the constructive trust should be used to fund their employee health plans. While the complaint does state that "the OV Health System Parties presumably now possess $2.5 million that can be used to repay all creditors, including their obligation to plaintiffs for approved reimbursement claims," the ad damnum clause asks for <u>both</u> a constructive trust on the $2.5 million and an award of damages of $4.5 million. The plaintiffs' argument here amounts to a "post hoc characterization." <u>Id.</u>

### 3. Attorneys' Fees

The plaintiffs, in their motion to remand, request that this Court award to plaintiffs costs, including reasonable attorneys' fees, incurred in seeking the remand of this action "pursuant to the authority granted to the Court by 28 U.S.C. § 1447(c) because there is no good faith basis for the removal of this action." This Court declines the plaintiffs' request. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141. Here, as the removing party has established that removal was appropriate, this Court declines to award attorneys' fees to the plaintiffs.

### B. Motion to Dismiss

#### 1. Rule 12(b)(6)

The OV Health System Parties contend that this Court should dismiss them from this civil action because Counts I and II of the plaintiffs' complaint are based on the ASOs, which the OV Health System Parties did not sign. These defendants further argue that the plaintiffs did not exhaust administrative remedies under ERISA.

First, as this Court has held that this is not an ERISA case, the ERISA exhaustion requirement is not applicable here. Secondly, this Court agrees with the OV Health System Parties that they should be dismissed because they did not sign the ASOs.

Count I of the complaint alleges breach of contract by the OV Health System Parties. The plaintiffs contend that the OV Health System Parties breached the ASOs. The ASOs are contracts between the employee benefit plans and The Health Plan. As neither the plaintiffs nor the OV Health System Parties signed the ASOs, this Court finds that there is no direct contractual obligation. Accordingly, Count I must be dismissed.

In Count II, an alternative to Count I, the plaintiffs allege breach of contract as third-party beneficiaries of the ASOs. The plaintiffs' complaint states that the ASOs are between the OV Health System Parties and The Health Plan. These ASOs, however, are signed only by The Health Plan and the employee benefit plans. The ASOs provide that OVHS&E, as the plan sponsor, "will provide payment for Plan benefits approved by the Plan." In addition, The Health Plan contracted with the plaintiffs in the Hospital Service Agreement ("HSA") for the plaintiffs to provide health care services to the participants of the employee benefit plans. The HSA provides that "The Health Plan shall compensate [the plaintiffs] for those services provided by [the plaintiffs] pursuant to ASO Agreements."

The plaintiffs contend that the ASOs create a funding obligation on the OV Health System Parties and that the plaintiffs are third-party beneficiaries of the ASOs. This Court cannot agree

with either contention. First, this Court will not hold a non-party liable for obligations it did not agree to undertake.

Alternatively, Count II fails because the plaintiffs are neither intended beneficiaries nor creditor beneficiaries of the ASOs. West Virginia courts hold "that in order for a contract concerning a third party to give rise to an independent cause of action in the third party, it must have been made for the third party's sole benefit." <u>Woodford v. Glenville State College Housing Corp.</u>, 225 S.E.2d 671, 674 (W. Va. 1976); W. Va. Code § 55-8-12. Not only are the ASOs not for the plaintiffs' sole benefit, the ASOs are not for the benefit of the plaintiffs at all. The ASOs ultimately are written for the benefit of the participants of the employee benefit plan. Even assuming that this Court singled out the provision stating that OVHS&E "will provide payment for Plan benefits approved by the Plan," this provision states how the employee benefit plan will have the funds to pay The Health Plan as the third-party administrator. This provision is not for the sole benefit of the plaintiffs. Accordingly, the plaintiffs are not intended third-party beneficiaries.

The plaintiffs also claim to be third-party creditor beneficiaries of the ASOs. Creditor beneficiaries have no right to sue under the West Virginia third-party beneficiary statute, but "have a substantive right under the common law to recover against the promisor in a suit in equity." <u>Pettus v. Olga Coal Co.</u>, 72

S.E.2d 881, 884-85 (W. Va. 1952) (citing <u>Aetna Life Ins. Co. v.</u> <u>Maxwell</u>, 89 F.2d 988, 994 (4th Cir. 1937)).  In their response to the motion to dismiss, the plaintiffs assert that they are creditor beneficiaries of the OV Health System Parties' funding obligation. While the plaintiffs may be creditors of The Health Plan because of the HSA, they cannot be creditor beneficiaries to a non-party to a contract.

Because the plaintiffs cannot state a breach of contract action against the OV Health System Parties either directly or as third-party beneficiaries, this Court must dismiss Count I and II of the plaintiffs' complaint for failure to state a claim.

2.   <u>Rule 12(b)(7)</u>

The OV Health System Parties believe that the employee benefit plans are required parties under Rule 19(a)(1) because the employee benefit plans have the funding obligation the plaintiffs seek to enforce.  The plaintiffs, however, contend that it is the OV Health System Parties, not the employee benefit plans, that have the obligation to fund the payments allegedly owed to the plaintiffs. The ASO, signed by The Health Plan and the employee benefit plan, states that the Plan Sponsor must deposit sufficient funds into a checking account for The Health Plan to make approved payments to the plaintiffs.  The OV Health System parties have stated in their motion to dismiss that they are the Plan Sponsors.

As mentioned above, a party is "necessary" if (1) in the party's absence complete relief cannot be accorded among those already parties; (2) disposition of the action in the party's absence may impair or impede the party's ability to protect that interest; or (3) existing parties will be subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Fed. R. Civ. P. 19(a).

This Court finds that complete relief can be provided without joining the employee benefit plans. In this Circuit, complete relief does not mean relief between a party and an absent party whose joinder is sought, but instead relief among existing parties. United States v. Arlington County, Va., 669 F.2d 925, 929 (4th Cir. 1982). In this case, complete relief can be provided among the existing parties without the employee benefit plans joining in the action. As mentioned above, there is no reason for this Court to interpret the employee benefit plans. The plaintiffs contracted for payment in the HSA with The Health Plan. It is The Health Plan's responsibility under the HSA to pay the plaintiffs for any health care services provided to participants in the employee benefit plans. The plaintiffs have alleged no cause of action against the employee benefit plans and this Court can find no reason that the employee benefit plans must be joined at this time.

The OV Health System Parties believe that the employee benefit plans have an interest in this civil action because the ASOs will be interpreted and the interpretation will be binding on them in the future. This Court disagrees that disposing of this litigation in the employee benefit plans' absence may impact or impede their ability to protect their interests.

Finally, this Court finds that there is no possibility of a risk of double liability or inconsistent obligations if the employee benefit plans are not joined as parties. As this Court has stated before, the claims here do not involve the employee benefit plans. Therefore, it is not possible that there could be a double recovery against them or a risk of inconsistent obligations. As stated above, it is The Health Plan that is responsible for amounts owed for health care services rendered pursuant to the HSA. The OV Health System Parties also claim that they might be subject to double liability if they are directed to pay the plaintiffs and then are required to pay the claims a second time through the imposition of an obligation to fund the employee benefit plans. This Court has already found above that the plaintiffs have not stated a claim contractually against the OV Health System Parties. Therefore, this argument is moot.

Because this Court finds that complete relief can be provided among the parties, that the employee benefit plans have no interest in this civil action that will be impaired or impeded if they are

not joined, and that there is no risk to existing parties of double liability or inconsistent obligations, the OV Health System Parties' motion to dismiss pursuant to Rule 12(b)(7) must be denied.

### 3. The Health Plan

Finally, this Court denies the plaintiffs' motion to strike The Health Plan's response to the motion to dismiss and alternative motion to join in result. The Health Plan's alternative motion asked that this Court dismiss it if this Court granted the OV Health System Parties' motion to dismiss. The Health Plan's alternative motion must be denied as it has a contractual obligation pursuant to the HSA to compensate the plaintiffs for services provided to participants of the employee benefit plans.

Because this Court denies The Health Plan's alternative motion to join in result, this Court will conduct a status conference to discuss class certification pursuant to Federal Rule of Civil Procedure 23. Accordingly, it is ORDERED that the parties appear by counsel for a status conference on **December 13, 2010 at 9:30 a.m.** in the chambers of Judge Frederick P. Stamp, Jr., Federal Building, Twelfth and Chapline Streets, Wheeling, West Virginia 26003.

The Court will permit those out-of-town attorneys having their offices further than forty miles from the point of holding court to participate in the conference by telephone. However, any such

attorney shall advise the Court as soon as possible prior to the conference of his or her intention to participate by telephone and shall (1) inform all counsel of his or her appearance by telephone; (2) confer with other out-of-town attorneys to determine if they wish to appear by telephone; (3) advise the Court of the name of the attorney who will initiate the conference call and all such attorneys appearing by telephone; and (4) initiate a timely conference telephone call with such attorneys to the Court at 304/233-1120 at the time of the scheduled conference. If the attorneys cannot reach agreement as to the initiator of the call, the Court will make that determination.

## IV. Conclusion

For the reasons stated above, defendant The Health Plan's motion for leave to file supplemental memorandum (Document No. 33) is GRANTED. The Clerk is DIRECTED to file the supplemental memorandum, which is attached as an exhibit to Document No. 33. The plaintiffs' motion to remand (Document No. 19) is DENIED. The OV Health System Parties' motion to dismiss (Document No. 11) is GRANTED IN PART and DENIED IN PART. The plaintiffs' motion to strike defendant The Health Plan's response to the motion to dismiss (Document No. 37) is DENIED. Finally, defendant The Health Plan's alternative motion to join in result (Document No. 24) is DENIED AS MOOT.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    December 2, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE