IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WHEELING HOSPITAL, INC.,
a West Virginia not for profit corporation,
BELMONT COMMUNITY HOSPITAL, INC.,
an Ohio not for profit corporation,
WHEELING PEDIATRICS, LLC,
an Ohio limited liability company,
WOMEN'S HEALTH SPECIALISTS
OF WHEELING HOSPITAL, LLC,
a West Virginia limited liability company,
MEDICAL PARK ANESTHESIOLOGISTS, INC.,
a West Virginia corporation;
KENNETH C. NANNERS, M.D., KENNETH S. ALLEN, M.D.,
WILLIAM H. WRIGHT, M.D., JUDITH T. ROMANO, M.D.,
and WAYT HEALTH CARE PLLC,
a West Virginia professional limited liability company,
on behalf of themselves and
all others similarly situated,

    Plaintiffs,

v.                                  Civil Action No. 5:10CV67
                                                             (STAMP)

OHIO VALLEY HEALTH SERVICES
AND EDUCATION CORPORATION,
a West Virginia not for profit corporation,
OHIO VALLEY MEDICAL CENTER,
a West Virginia not for profit corporation,
EAST OHIO REGIONAL HOSPITAL,
an Ohio not for profit corporation and
THE HEALTH PLAN OF THE OHIO VALLEY, INC.,
a federally qualified and state-certified
not for profit health maintenance organization,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING THE PLAINTIFFS' MOTION FOR LEAVE
TO FILE A SURREPLY TO THE HEALTH PLAN'S
MOTION TO DISMISS AMENDED COMPLAINT;
CONVERTING DEFENDANT THE HEALTH PLAN OF THE
UPPER OHIO VALLEY, INC.'S MOTION TO DISMISS
AMENDED COMPLAINT INTO A MOTION FOR SUMMARY JUDGMENT;
AND DENYING WITHOUT PREJUDICE IN PART AND
DENYING WITH PREJUDICE IN PART DEFENDANT THE HEALTH PLAN OF
THE UPPER OHIO VALLEY, INC.'S MOTION FOR SUMMARY JUDGMENT**

## I. Background

The plaintiffs filed this civil action in the Circuit Court of Ohio County, West Virginia against the above-named defendants as a class action brought on behalf of a class of health care service providers to collect amounts allegedly owed to them for health care services provided to persons covered by employee health plans established by defendants Ohio Valley Health Services and Education Corporation ("OVHS&E"), Ohio Valley Medical Center ("OVMC") and East Ohio Regional Hospital ("EORH"), collectively, the "OV Health System Parties." The plaintiffs allege that the class members have not been paid for the health care services they provided because the OV Health System Parties and The Health Plan of the Upper Ohio Valley ("The Health Plan"), which administers the Ohio Valley Health Services & Education Corporation Health Plan and the Ohio Valley Health Services & Education Corporation Dental Plan ("employee benefit plans"), have breached separate contractual obligations to pay for those services.

The defendants then filed a notice of removal in this Court, stating that this Court has original jurisdiction pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and pursuant to the Class Action Fairness Act ("CAFA"). This Court previously issued a memorandum opinion and order finding that original jurisdiction does not exist under ERISA, but that jurisdiction does exist under CAFA. In addition,

this Court dismissed Counts I and II of the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), which dismissed the OV Health System Parties.

The plaintiffs then filed an amended complaint, which added additional health care providers who desired to become named plaintiff class representatives. The amended complaint also seeks class certification pursuant to the Federal Rules of Civil Procedure and to conform the complaint to evidence obtained during discovery. The parties entered into a stipulation, stipulating that the amended complaint re-alleges Counts I and II only to preserve the plaintiffs' rights of appeal. Accordingly, The Health Plan is the only remaining defendant in this civil action.

Thereafter, The Health Plan filed a motion to dismiss the amended complaint. The defendant groups the plaintiffs into three categories: physician practice groups, individual physicians, and hospitals. It first argues that the practice group plaintiffs and the individual physician plaintiffs fail to state a claim against The Health Plan because The Health Plan is not a party to the contracts the practice groups and physicians seek to enforce nor do the contracts obligate The Health Plan to compensate the practice groups and the physicians. Next, The Health Plan argues that pursuant to the express terms of the contracts, the hospital plaintiffs' claims must be submitted to separate, binding arbitrations.

The plaintiffs filed a response. They first argue that The Health Plan has sought to prove its contention by filing exhibits with its motion to dismiss, which converts the motion to a motion for summary judgment under Rule 12(d). The plaintiffs argue that this Court should disregard the matters presented from outside the pleadings and treat the motion as a standard Rule 12(b)(6) motion. The plaintiffs state that they cannot fully respond to the motion to dismiss because the defendant has not produced certain documents, including the provider agreements for all potential class members and the contract between The Health Plan and the Upper Ohio Valley Individual Practice Association ("IPA"). The plaintiffs believe that the defendant's exhibits are out of date and misleading. They state that the exhibits are out of date versions of provider agreements that are no longer in effect. The plaintiffs state that the same language that caused this Court to rule previously that The Health Plan has a contractual obligation to pay the plaintiffs for services provided to persons covered by the OV Employee Health Plan is found in the current version of the provider agreements. They also believe the exhibits are misleading because The Health Plan has allegedly ignored and attempted to hide the contract between it and the IPA. Next, the plaintiffs contend that if this Court considers the exhibits filed by The Health Plan in support of the motion to dismiss, then that motion should be denied as a premature motion for summary judgment because there are

4

genuine issues of material fact that preclude the entry of summary judgment. Lastly, the plaintiffs argue that the defendant's attempt to dismiss the action on the basis of an arbitration clause should be denied. They argue that no demand has been made; The Health Plan has waived any right to arbitrate by virtue of its substantial conduct in this action; the arbitration clauses are unenforceable because they are unconscionable under the circumstance of this case, and even if the clauses were enforceable, there is no evidence or contention that all members of the plaintiff class have provider agreements that include arbitration clauses.

The Health Plan filed a reply. It argues that this Court may consider documents incorporated by reference into the complaint and documents central to the plaintiff's claim without transforming the motion into one for summary judgment. It argues that the plaintiffs attempt to derail the court into a discovery dispute to distract from the "glaring insufficiency of their contract claim." It also believes that it is entitled to arbitration with the hospitals.

The plaintiffs then filed a motion for leave to file a surreply. They state that at the time of the response, they did not have the agreement between The Health Plan and the IPA and that they now have a copy. They state that The Health Plan and IPA agreement expressly provides that it was entered into by the IPA on

5

behalf of its member physicians. They state that they seek to file this surreply in order to prevent The Health Plan from perpetrating a fraud on the court. The Health Plan filed a response in opposition to the motion to file surreply.[1]

For the reasons stated below, this Court converts the defendant's motion to dismiss the amended complaint to a motion for summary judgment and denies without prejudice in part and denies with prejudice in part the defendant's motion for summary judgment.

## II. Applicable Law

In examining a motion to dismiss, "the Court should consider only the allegations contained in the complaint, the exhibits to the complaint, matters of public record, and other similar materials that are subject to judicial notice." Pennington v. Teufel, 396 F. Supp. 2d 715, 719 (N.D. W. Va. 2005). A motion to dismiss must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 "where materials outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). The parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion. Id. The conversion is "governed by principles of substance rather than form. The essential inquiry is whether the [opposing party] should

---

[1] The plaintiffs contend that this newly acquired agreement shows that the defendant's motion to dismiss misstates the relationship between The Health Plan and the physician plaintiffs in this case. For good cause shown, this Court GRANTS the plaintiffs' motion for leave to file a surreply.

6

reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." In re G. & A. Books, Inc., 770 F.2d 288, 295 (2d Cir. 1985).

> Under Rule 56(c) of the Federal Rules of Civil Procedure,
>
> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing

7

that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## III. Discussion

### A. The Practice Group and Physician Plaintiffs

In its motion to dismiss, The Health Plan contends that the practice group and physicians' claims against it should be dismissed because it is not a party to the contracts the practice groups and physicians seek to enforce. The Health Plan also argues that the contracts do not obligate it to compensate the practice groups and the physicians. The defendant attaches IPA participating physician agreements to its motion to dismiss. The plaintiffs attach to their response an affidavit by one of their attorneys, Anthony Cillo, and several exhibits, including a 2010 version of the physician agreement between the IPA and its member physicians, as well as a deposition transcript. The plaintiffs also submit an affidavit, pursuant to Rule 56, which states that more discovery is needed.

This Court may consider documents "integral to and explicitly relied on in the complaint" without converting the motion to dismiss to a motion for summary judgment. Phillips v. LCI Intern., Inc., 190 F.3d 609, 618 (4th Cir. 1999). However, affidavits and deposition transcripts are documents outside the pleadings and this Court must convert the motion to dismiss to a motion for summary judgment if it is to consider the plaintiffs' affidavit and submitted deposition transcripts. Fed. R. Civ. P. 12(d). As mentioned above, "a district court must ordinarily give notice to

the parties before converting a motion to dismiss into a motion for summary judgment," however, "a plaintiff invites the court to convert such a motion when she invites the district court to look at information, such as an affidavit, outside the pleadings." Galin v. Internal Revenue Serv., 563 F. Supp. 2d 332, 337 (D. Conn. 2008).

In this case, this Court will consider the exhibits the defendant submitted as well as the exhibits the plaintiffs submitted. Accordingly, this Court must convert the motion to dismiss into a motion for summary judgment. The defendant attaches physician provider agreements from 2003 and 2004. The Health Plan is not a party to those contracts. The plaintiffs attach to their surreply an agreement that the plaintiffs contend shows that The Health Plan expressly agreed to compensate the individual physicians for the services at issue in this case. The plaintiffs point to language in The Health Plan and IPA agreement, which states that "[n]otwithstanding anything in this Agreement to the contrary, The Health Plan shall compensate IPA Participating Physicians for those services provided by Participating Physicians pursuant to ASO Agreements in accordance with the schedule set forth in the attachments." The Health Plan/IPA Agreement § IV.D. The plaintiffs believe that this Health Plan/IPA Agreement was designed to replace the older 2003 physician contracts. This Court finds there is a genuine issue of material fact as to the nature of

10

the relationships between the defendant and the physician plaintiffs and the practice group plaintiffs. In their Rule 56(d)[2] affidavit, the plaintiffs state more discovery is needed on the provider agreements of all potential class members and the contract between The Health Plan and the IPA as well as the terms and conditions of the current Participating Physician Agreement and whether the terms of any agreements have been modified or amended expressly or by course of dealing. This Court agrees with the plaintiffs that more discovery is appropriate. Accordingly, summary judgment is inappropriate at this time and the defendant's motion for summary judgment must be denied without prejudice as to the claims of the physician plaintiffs and the practice group plaintiffs.

B.  The Hospital Plaintiffs

The Health Plan contends that this Court must dismiss the hospital plaintiffs' claims because of an arbitration agreement between the parties in the contract. The plaintiffs argue that the defendant's motion should be denied because it has not made a demand for arbitration and because it has waived its right to arbitrate. It further argues that enforcement of the arbitration clause at this time would be unconscionable.

---

[2] The plaintiffs filed a Rule 56(f) affidavit. On December 1, 2010, Rule 56(f) was recodified as Rule 56(d).

The Federal Arbitration Act ("FAA") requires that a district court, upon motion by any party, "stay judicial proceedings involving issues covered by written arbitration agreements." Choice Hotels Intern., Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709 (4th Cir. 2001); see also 9 U.S.C. § 3. When a party seeks enforcement of the arbitration clause of an agreement during proceedings in a district court, a party sufficiently "invoke[s] the full spectrum of remedies under the FAA, including a stay under § 3." Id. at 710. Accordingly, this Court finds that The Health Plan's motion to dismiss because of the arbitration clause invokes its remedies under the FAA, and therefore constitutes a demand for arbitration.

A party may lose its right to a stay of court proceedings to arbitrate if that party is "in default in proceeding with such arbitration." 9 U.S.C. § 3. Because of the "strong federal policy favoring arbitration," statutory default is found only in limited circumstances. Forrester v. Penn Lyon Homes, Inc., 553 F.3d 340, 342 (4th Cir. 2009). The party opposing arbitration bears a "heavy burden" of showing default. Id. at 343. Simply failing to assert arbitration as an affirmative defense does not prove default, nor does mere delay and participation in litigation. Id. Rather, the party opposing default must show that the party seeking arbitration "so substantially utiliz[ed] the litigation machinery that to subsequently permit arbitration would prejudice the party opposing

12

the stay." Maxum Foundations, Inc. v. Salus Corp., 779 F.2d 974, 981 (4th Cir. 1985).

In this case, the OV Health System Parties filed a notice of removal to this Court on June 17, 2010. On June 18, 2010, The Health Plan filed a consent to removal. The Health Plan then answered the complaint on June 23, 2010. On July 12, 2010, The Health Plan filed an amended answer, in which it stated that the plaintiffs are precluded from proceeding in a judicial forum because the plaintiffs agreed to arbitrate these claims. Also on July 12, 2010, The Health Plan filed a motion to join in the result of the OV Health System Parties' motion to dismiss. In that motion, The Health Plan did not demand arbitration, nor did it move for dismissal based on the arbitration provision. On July 16, 2010, The Health Plan filed a memorandum in opposition to the plaintiffs' motion to remand. In that response, The Health Plan argues that the plaintiffs' motion to remand should be denied and that jurisdiction in this Court was proper.

On July 21, 2010, all of the parties, including The Health Plan, met for their initial planning conference. On July 30, 2010, the parties filed their Rule 26(f) planning report. In that report, the parties presented this Court with proposed scheduling deadlines, including a proposed trial date. At no point in the report do the parties mention a demand by The Health Plan to arbitrate this matter. Thereafter, on October 13, 2010, The Health

13

Plan participated in oral argument before this Court. At no point during oral argument did The Health Plan demand arbitration or mention the arbitration clause. Instead, The Health Plan argued that this Court should deny the plaintiffs' motion to remand, again stating that jurisdiction in this Court was proper.

As mentioned above, on December 2, 2010, this Court dismissed the OV Health System Parties, but denied The Health Plan's motion to dismiss.[3] On January 24, 2011, this Court granted the plaintiffs' motion to file an amended class action complaint. On January 27, 2011, The Health Plan filed its motion to dismiss the amended complaint, raising for the first time that this action should be dismissed against the hospital plaintiffs based upon the arbitration provision.

The Health Plan made a demand for arbitration for the first time on January 27, 2011. The Health Plan argues that it sought "prompt" enforcement and states that it filed the motion to dismiss three days after the filing of the amended complaint. It also argues that it did not file the motion on the "eve of trial." This Court notes that the test for waiver of an arbitration provision is actual prejudice to the party opposing arbitration. Forrester, 553 F.3d at 343. This Court finds that the plaintiffs have met their heavy burden to show that allowing arbitration at this point in the

---

[3] At oral argument, The Health Plan stated that its motion was a motion for judgment on the pleadings pursuant to Rule 12(c).

14

litigation would prejudice the hospital plaintiffs.  The Health Plan engaged in over six months of litigation between amending its answer to include the affirmative defense of arbitration and actually demanding arbitration on January 27, 2011.  During that period of time, the plaintiffs assert by affidavit that they incurred more than $250,000.00 in legal fees and expenses.  The plaintiffs have had to respond to two dispositive motions by The Health Plan on the merits, forcing the hospital plaintiffs to reveal their legal strategy in opposing those motions.  The Health Plan has participated in oral argument and opposed the hospital plaintiffs' motions, arguing that this Court has proper jurisdiction over this civil action.  The Health Plan opposed a motion to compel, which the parties subsequently resolved.  This Court concludes that The Health Plan utilized "the litigation machinery" in such a way to prejudice the plaintiffs if this Court dismissed the action to allow arbitration at this stage in the litigation.  Because this Court finds that The Health Plan has waived its right to arbitrate, it is not necessary for this Court to decide whether it would be unconscionable to permit The Health Plan to assert arbitration clauses in this matter.  Accordingly, The Health Plan's motion for summary judgment as to the hospital plaintiffs is denied with prejudice.

IV. <u>Conclusion</u>

For the reasons stated above, this Court GRANTS the plaintiffs' motion for leave to file a surreply to The Health Plan of the Upper Ohio Valley, Inc.'s motion to dismiss amended complaint (Document No. 99). Accordingly, the Clerk is DIRECTED to file the plaintiffs' surreply (Document No. 99, Exhibit 2). In addition, this Court CONVERTS the defendant The Health Plan of the Upper Ohio Valley Inc.'s motion to dismiss amended complaint (Document No. 85) into a motion for summary judgment and DENIES WITHOUT PREJUDICE IN PART and DENIES WITH PREJUDICE IN PART the defendant The Health Plan of the Upper Ohio Valley, Inc.'s motion for summary judgment.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    June 6, 2011

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE